ALTMAN *v.* MASSELL REALTY COMPANY *et al.*

PER CURIAM. 1. The encumbrance on the property created by the lease placed thereon by the vendor, under the circumstances of this case, authorized the vendee to rescind, if otherwise she made a case for rescission.

2. The failure of the vendee to reconvey the property to the vendor or to surrender to it its deed to the property would not defeat the rights of the vendee, it appearing that the vendor permitted the property to be sold at sheriff's sale based on a prior encumbrance, and itself acquired the title to the property at the sale.

3. When the vendee discovered the lease encumbrance on the property and the inability of the vendor to give her possession, she immediately informed the vendor of her intention to rescind, and was prevented from speedily carrying out such intention by the repeated promises of the vendor to secure a release from the lessee of his rights under the lease and then to deliver possession of the premises to her, which promises it never kept, and by which petitioner was lulled into repose and inaction. The failure of the vendee to promptly exercise her right of rescission, under these circumstances, can not be taken advantage of by the vendor.

4. Furthermore, the petitioner makes a case for the recovery of damages for the fraud perpetrated upon her by the vendor.

5. Applying the foregoing rulings, the trial judge erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*

No. 6688. JANUARY 19, 1929. REHEARING DENIED MARCH 2, 1929.

832

*Krauss & Strong* and *Branch & Howard,* for plaintiff.
*Jones, Evins, Moore & Powers,* for defendants.